```
                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )        CASE NO. 4:15CR130
                               )
        VS.                    )
                               )
ANDRE KIRKLAND,                )
                               )
        Defendant.             )
_____


    ABORTED CHANGE OF PLEA AS TO COUNT 1 OF THE INDICTMENT
             BEFORE DISTRICT JUDGE MICHAEL P. MILLS
             THURSDAY, APRIL 28, 2016; 11:05 A.M.
                      OXFORD, MISSISSIPPI

FOR THE GOVERNMENT:

      United States Attorney's Office
      DAVID H. FULCHER, ESQ.
      501 East Court Street, Suite 4.430
      Jackson, Mississippi  39201

FOR THE DEFENDANT:

      Percy Law Firm, PLLC
      LEROY D. PERCY, ESQ.
      501 Heritage Drive, Suite 127
      Post Office Box 2549
      Oxford, Mississippi 38655

      Freeland & Freeland
      JOYCE M. FREELAND, ESQ.
      Post Office Box 269
      Oxford, Mississippi  38655-0269

      Proceedings recorded by mechanical stenography, transcript
produced by computer.
_____

             RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
                  FEDERAL OFFICIAL COURT REPORTER
                911 JACKSON AVENUE EAST, SUITE 369
                     OXFORD, MISSISSIPPI 38655
```

1   (CALL TO ORDER OF THE COURT)

2           THE COURT:  Mrs. Pennebaker, would you call the
3   docket.

4           THE COURTROOM DEPUTY:  Court calls Cause No.
5   4:15CR130, United States of America v. Andre Kirkland.  This is
6   a change of plea as to Count 1 of the indictment.

7           THE COURT:  All right.  Who speaks for the
8   Government?

9           MR. FULCHER:  Your Honor, I do, Dave Fulcher, U.S.
10  Attorney's Office, Southern District of Mississippi; and I'm
11  appointed to handle this case for the Government today.

12          THE COURT:  All right.  Thank you.
13      Who speaks for the defense?

14          MR. PERCY:  Roy Percy here for Andre Kirkland, Your
15  Honor; and Joyce Freeland is also co-counsel in this case.

16          THE COURT:  And you have your client with you?

17          MR. PERCY:  Yes, Your Honor.

18          THE COURT:  We have anyone from probation?

19          MR. TOLLISON:  Yes, sir, Your Honor, Greg Tollison.

20          THE COURT:  Glad to have you.

21      Are you ready to proceed?

22          MR. PERCY:  We are, Your Honor.

23          THE COURT:  If you would come forward, please.

24      (PARTIES COMPLYING).

25          THE COURT:  You want to administer the oath.

```
 1       (OATH ADMINISTERED BY THE COURTROOM DEPUTY)

 2            THE COURT:  Mr. Kirkland, your understand that you're

 3  now under oath; and, if you answer any of my questions falsely,

 4  your answers may later be used against you in another

 5  prosecution for perjury or making false statements?

 6            THE DEFENDANT:  Yes.

 7            THE COURT:  And I am told that you wish to enter a

 8  plea of guilty to Count 1 of the indictment.  Is that correct?

 9            THE DEFENDANT:  Yes.

10            THE COURT:  Before taking your plea, there are a

11  number of questions I must ask you.  If you do not understand

12  any of these questions or if, at any time, you wish to consult

13  with your attorney, you let me know.

14            THE DEFENDANT:  Yes.

15            THE COURT:  What is your full name?

16            THE DEFENDANT:  Andre Kirkland.

17            THE COURT:  How old are you?

18            THE DEFENDANT:  Fifty-five.

19            THE COURT:  How far did you go in school?

20            THE DEFENDANT:  Associate in nursing.

21            THE COURT:  Have you been treated recently for any

22  mental illness or addiction to narcotic drugs of any kind?

23            THE DEFENDANT:  Just some mild depression.

24            THE COURT:  All right.  Are you currently under the

25  influence of any drug, medication, or alcoholic beverage?
```

1               THE DEFENDANT:  No, sir.

2               THE COURT:  Do you think you fully understand what is

3  happening here today?

4               THE DEFENDANT:  Yes, sir.

5               THE COURT:  Mr. Percy, have you talked with your

6  client today and earlier?  I presume you have.

7               MR. PERCY:  Yes, Your Honor.

8               THE COURT:  Do you have any questions about his

9  competency to enter a plea at this time?

10              MR. PERCY:  No, Your Honor.

11              THE COURT:  Does the U.S. Attorney have any question

12 as to the defendant's competency to enter a plea?

13              MR. FULCHER:  No, sir.

14              THE COURT:  If you'd come up to the podium, please.

15              MR. FULCHER:  Yes, sir.

16              THE COURT:  Well, I find that Mr. Kirkland is

17 competent to enter a plea.

18      Have you received a copy of the indictment pending against

19 you in this case?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Have you fully discussed those charges

22 and the case in general with Mr. Percy as your attorney?

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  Are you fully satisfied with the counsel,

25 representation, and advice given to you in this case by your

1  attorneys?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Has anyone attempted in any way to force

4  you to plead guilty?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Are you pleading guilty of your own free

7  will because you are guilty?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that you have the right

10  to plead not guilty and to persist in that plea?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand, under the Constitution

13  and laws of the United States, you are entitled to a trial by

14  jury?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand that, at trial, you

17  would be presumed innocent; and the Government would be

18  required to prove you guilty beyond a reasonable doubt; and you

19  would not be required to prove your innocence?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you further understand that, in the

22  course of the trial, witnesses for the Government would have to

23  come into court and testify in your presence; your attorney

24  could cross-examine the witnesses for the Government; and he

25  could also call other witnesses to testify on your behalf?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  Are you aware that if you wished to

3  testify yourself in your own defense you would have that right

4  to do so, but if you chose not to testify no inference or

5  suggestion of guilt would be drawn by you so choosing?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  If you plead guilty here today and if I

8  accept your plea, do you understand that you're going to waive

9  your right to trial and the other rights I just discussed with

10 you?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  That means there will not be a trial, and

13 I will enter a judgment of guilty; and I will sentence you on

14 the basis of your guilty plea after considering the Presentence

15 Report.  Do you understand that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Having discussed these rights with you,

18 is it still your desire to plead guilty to Count 1 of the

19 indictment?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  What is he charged with in Count 1,

22 Mr. Fulcher?

23           MR. FULCHER:  Your Honor, the defendant is charged

24 with conspiracy to defraud the Government through a health care

25 benefit program, specifically Medicare and Medicaid.

1          THE COURT:  All right.

2     Are you aware that that's what you're charged with?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Before you could be found guilty of this

5  charge, the Government would have to prove certain elements

6  against you beyond a reasonable doubt.

7     Mr. Fulcher, will you read these elements into the record,

8  please?

9          MR. FULCHER:  Yes, Your Honor.  Your Honor, the

10  defendant is charged with conspiracy to commit the offense of

11  health care fraud in violation of Title 18, United States Code

12  1349 and 1347.

13     The elements of the offense that would have to be proven

14  would be as follows:  First, that two or more persons, in some

15  way or manner, agreed to try and accomplish a common and

16  unlawful plan to commit health care fraud as charged in the

17  indictment; and that the defendant knew the unlawful purpose of

18  the plan and willfully joined it.

19     The offense elements for 1347 -- Title 18, United States

20  Code, Section 1347 are as follows:  First, that the defendant

21  knowingly and willfully executed, or attempted to execute, a

22  scheme or artifice to defraud a health care benefit program; or

23  that the defendant knowingly and willfully executed, or

24  attempted to execute, a scheme or artifice to obtain money and

25  property from a health care benefit program by means of false

1  and fraudulent pretenses, representations, or promises as
2  charged in the indictment; and that the defendant acted
3  willfully, that is, with the intent to defraud a health care
4  benefit program.
5       And, as the Court knows, and as is set forth in -- in the
6  definitions within the statute, Medicare and Medicaid are
7  programs that are determined to be health care benefit programs
8  as defined under these two respective statutes.  Those are the
9  elements that the Government would be required to prove with
10 regard to Count 1.
11          THE COURT:  All right.  Thank you.
12      Do you have any questions about this charge?
13          THE DEFENDANT:  No, sir.
14          THE COURT:  What are the maximum penalties he could
15 be sentenced to, Mr. Fulcher?
16          MR. FULCHER:  Your Honor, the -- if I could have one
17 second.  Your Honor, the maximum penalties for this offense are
18 not more than 20 years and a $250,000 fine per count;
19 supervised release would be no more than 3 years; and a special
20 assessment of $100.
21          THE COURT:  All right.  Do you understand these
22 penalties?
23          THE DEFENDANT:  Yes.
24          MR. PERCY:  Your Honor, if I may, is that not more
25 than 20 or not more than 10?  My notice of penalties says not

```
 1  more than 10 years for Count 1.  I could be mistaken about

 2  that.

 3            MR. FULCHER:  And I could be mistaken as well.

 4            MR. PERCY:  The not more than 20 years, Your Honor,

 5  looks to be if there is bodily injury that resulted from the

 6  offense; and that's not alleged in this case, so I believe the

 7  maximum is 10 years on Count 1.

 8            THE COURT:  All right.  Do you agree with that?

 9            MR. FULCHER:  I do, Your Honor.

10            THE COURT:  All right.  Do you understand these

11  penalties?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  Has there been a plea agreement entered

14  into?

15            MR. PERCY:  Yes, Your Honor.

16            THE COURT:  Mr. Fulcher, do you have a plea

17  agreement?

18            MR. FULCHER:  We do, Your Honor.

19            THE COURT:  Well, let me look at it.

20            MR. FULCHER:  Yes, sir.

21            THE COURT:  If I understand this plea agreement, you

22  have a supplement which restrains the Court to a sentence of

23  probation.  Is that correct?

24            MR. FULCHER:  That is correct, Your Honor.

25            THE COURT:  Is that correct, Mr. Percy?
```

1           MR. PERCY:  Yes, Your Honor.

2           THE COURT:  Well, I'm not going to accept that.

3  So -- I'm not going to accept that.  And when is it set for

4  trial?

5           MR. PERCY:  May the 9th I believe, Your Honor.

6           THE COURTROOM DEPUTY:  Yes, sir.

7           THE COURT:  Okay.  Well, I'm not going to accept that

8  in this case.  I just think that is entirely inappropriate, and

9  we'll go forward from there.  If you come forward with a

10 different plea agreement, you can let me know.  Otherwise --

11          MR. PERCY:  Your Honor, may we cite the reasons for

12 the --

13          THE COURT:  Yes.

14          MR. PERCY:  -- for that offer?  And I'll ask the

15 prosecutor to correct me if I'm wrong.  Mr. Kirkland is a

16 cancer patient and is undergoing chemotherapy now but has had

17 not a good diagnosis.  I think that's one reason that the

18 United States made this offer.

19      Another reason is that the star witness for the Government

20 had a heart attack and died.  That's not to say that they can't

21 try this case and can't get a conviction, but I have -- at

22 least I, personally -- and they haven't represented this to me;

23 but I believe that plays a role in the plea agreement, Your

24 Honor.  It's the health condition of the defendant and the new

25 posture of the case for the prosecution.

```
 1            THE COURT:  Well, you have anything to say?
 2            MR. FULCHER:  No, sir.
 3            THE COURT:  All right.  Well, I had seen a number of
 4   these cases in the last several months.  Are these under -- is
 5   there a region of the Federal Government that oversees all of
 6   these hospices?
 7            MR. FULCHER:  Your Honor, quite honestly, I'm not
 8   sure if there is a specific region.  I know that we work --
 9            THE COURT:  Seems like it was called the Atlanta
10   region at one time.
11            MR. FULCHER:  Yes, sir.
12            THE COURT:  But I have simply been astonished at the
13   amount of money that has been wasted from the Federal
14   Government in the Mississippi Delta under a cynical and greedy
15   scheme to take advantage of poor people and to use services
16   that were meant for people that really needed those services
17   and to accept a sentence of probation in this case, I think,
18   would be a disservice to the citizens of the United States; so
19   we will go forward with a trial.
20            MR. PERCY:  Your Honor, would the Court entertain a
21   request for a continuance of the trial in light of the fact
22   that we've been preparing for a plea up to this point?
23            THE COURT:  Well, if you file the -- you go ahead and
24   file it, and I will.  I'll certainly give you time to get ready
25   for trial, but we're going to try it pretty soon.
```

```
 1              MR. FULCHER:  Yes, sir.
 2              THE COURT:  Anything else?
 3              MR. FULCHER:  Your Honor, if I may also add, I would
 4   likewise join in that request, just so the Court will know.
 5   And I have only recently been appointed into this case as a
 6   result of AUSA Scott Gilbert leaving our office; so I,
 7   likewise, would need -- would need time.
 8              THE COURT:  Well, we'll give you a couple of weeks.
 9        All right.  Anything else?
10              MR. PERCY:  No, Your Honor.
11              THE COURT:  The Court will be in recess.
12              MR. PERCY:  Thank you.
13              MR. FULCHER:  Thank you.
14                 (THE HEARING ENDED AT 11:14 a.m.)
15
16
17
18
19
20
21
22
23
24
25
```

1                CERTIFICATE OF OFFICIAL REPORTER

2

3

4          I, Rita Davis Young, Federal Official Realtime

5   Court Reporter, in and for the United States District Court for

6   the Northern District of Mississippi, do hereby certify that

7   pursuant to Section 753, Title 28, United States Code that the

8   foregoing is a true and correct transcript of the

9   stenographically reported proceedings held in the

10  above-entitled matter; and that the transcript page format is

11  in conformance with the regulations of the Judicial Conference

12  of the United States.

13

14

15                    Dated this 30th day of May, 2016.

16

17

18

19                    /s/ Rita Davis Young
                      RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20                    Federal Official Court Reporter

21

22

23

24

25