IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 4:15CR130

ANDRE KIRLAND            DEFENDANT

## AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to a separate Plea Agreement between the defendant, **ANDRE KIRKLAND**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **ANDRE KIRKLAND** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement with the Government to forfeit such property.

2. The defendant agrees the following assets:

    a) Real property located in Gunnison, Mississippi, more particularly described as:

    Part of Lot 22 in Section 6, Township 24 North, Range 7 West, Bolivar County, Mississippi:

    Commencing at the Southwest corner of Lot 21 in said Section 6 and thence run due North along the West line of said Section 6 for 553.33 feet to a point on the Northern right of way line of a gravel road; thence the following nineteen (19) calls of bearings and distances along the Northern right of way line of said gravel road: North 75° 01' 23" East for 134.15 feet, North 80° 53' 41" East for 128.15 feet, North 76° 27' 02" East for 146.73 feet, North 70° 47' 42" East for 83.55 feet, North 72° 51' 10" East for 102.70 feet, North 72° 56' 19" East for 132.06 feet, North 68° 19' 59" East for 93.61 feet, North 56° 14' 25" East for 134.19 feet, North 63° 47'

11" East for 99.10 feet, North 58° 50' 11" East for 109.03 feet, North 68° 10' 13" East for 116.60 feet, North 71° 45' 52" East for 104.76 feet, North 76° 03' 01" East for 101.50 feet, North 84° 55' 17" East for 34.61 feet, North 80° 57' 27" East for 108.53 feet, North 80° 19' 42" East for 125.26 feet, North 69° 37' 20" East for 125.93 feet, North 56° 14' 55" East for 100.63 feet, North 49° 20' 24" East for 79.00 feet to the Southwest corner and the POINT OF BEGINNING of the tract herein being described as Lot BB-6, thence continue along the Northern right of way line of said gravel road, North 44° 45' 43" East for 118.31 feet; thence leaving said gravel road and running North 48° 28' 44" West for 223.36 feet to the high bank of the Old River Lake; thence run South 36° 23' 30" West along the high bank of said Old River Lake for 90.78 feet; thence leaving high bank of said Old River Lake and running South 40° 54' 32" East for 210.39 feet to the POINT OF BEGINNING and containing 22,606.49 square feet of land more or less.

Parcel ID: 15-06-900-00-00312;

b) All funds on deposit in Covenant Bank checking account number x9922;

c) All funds on deposit in Raymond James Financial Services, Inc. individual investment account number 25509921;

d) All funds on deposit in Raymond James Simple IRA Contribution account numbered 37979472;

e) All remaining payments for the loan financed by the defendant for the sale of Revelation Hospice to Grace Hospice;

f) One (1) 2012 Mercedes E350, VIN: WDDHF5KB9CA636126;

g) One (1) 2013 Toyota Tundra, VIN: 5TFUW5F12DX285066;

h) One (1) 2011 Chevrolet Cruze, VIN: 1G1PC5SH2B7224511; and

i) One (1) 2013 War Eagle Boat, Registration No. 9555BU, Hull ID No. MTW29482D313

is property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the offenses charged in Count One of the Indictment and/or was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Count One of the Indictment and/or was involved in

the offenses charged in Count One of the Indictment. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

3. The defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 982 require the Court to order the forfeiture of the above-described property at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and his attorney further authorize the Court to enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said Judgment in the Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. The Court has determined, based on the defendant's Plea Agreement and Plea Supplement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, that the defendant had an interest in such property and that the government has established the requisite nexus between such property and such offense.

2. That the defendant shall forfeit to the United States,

   a) Real property located in Gunnison, Mississippi, more particularly described as:

   Part of Lot 22 in Section 6, Township 24 North, Range 7 West, Bolivar County, Mississippi:

   Commencing at the Southwest corner of Lot 21 in said Section 6 and thence run due North along the West line of said Section 6 for 553.33 feet to a point

the offenses charged in Count One of the Indictment. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

3. The defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 982 require the Court to order the forfeiture of the above-described property at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and his attorney further authorize the Court to enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said Judgment in the Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. The Court has determined, based on the defendant's Plea Agreement and Plea Supplement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, that the defendant had an interest in such property and that the government has established the requisite nexus between such property and such offense.

2. That the defendant shall forfeit to the United States,

   a) Real property located in Gunnison, Mississippi, more particularly described as:

   Part of Lot 22 in Section 6, Township 24 North, Range 7 West, Bolivar County, Mississippi:

   Commencing at the Southwest corner of Lot 21 in said Section 6 and thence run due North along the West line of said Section 6 for 553.33 feet to a point

on the Northern right of way line of a gravel road; thence the following nineteen (19) calls of bearings and distances along the Northern right of way line of said gravel road: North 75° 01' 23" East for 134.15 feet, North 80° 53' 41" East for 128.15 feet, North 76° 27' 02" East for 146.73 feet, North 70° 47' 42" East for 83.55 feet, North 72° 51' 10" East for 102.70 feet, North 72° 56' 19" East for 132.06 feet, North 68° 19' 59" East for 93.61 feet, North 56° 14' 25" East for 134.19 feet, North 63° 47' 11" East for 99.10 feet, North 58° 50' 11" East for 109.03 feet, North 68° 10' 13" East for 116.60 feet, North 71° 45' 52" East for 104.76 feet, North 76° 03' 01" East for 101.50 feet, North 84° 55' 17" East for 34.61 feet, North 80° 57' 27" East for 108.53 feet, North 80° 19' 42" East for 125.26 feet, North 69° 37' 20" East for 125.93 feet, North 56° 14' 55" East for 100.63 feet, North 49° 20' 24" East for 79.00 feet to the Southwest corner and the POINT OF BEGINNING of the tract herein being described as Lot BB-6, thence continue along the Northern right of way line of said gravel road, North 44° 45' 43" East for 118.31 feet; thence leaving said gravel road and running North 48° 28' 44" West for 223.36 feet to the high bank of the Old River Lake; thence run South 36° 23' 30" West along the high bank of said Old River Lake for 90.78 feet; thence leaving high bank of said Old River Lake and running South 40° 54' 32" East for 210.39 feet to the POINT OF BEGINNING and containing 22,606.49 square feet of land more or less.

Parcel ID: 15-06-900-00-00312;

b) All funds on deposit in Covenant Bank checking account number x9922;

c) All funds on deposit in Raymond James Financial Services, Inc. individual investment account number 25509921;

d) All funds on deposit in Raymond James Simple IRA Contribution account numbered 37979472;

e) All remaining payments for the loan financed by the defendant for the sale of Revelation Hospice to Grace Hospice;

f) One (1) 2012 Mercedes E350, VIN: WDDHF5KB9CA636126;

g) One (1) 2013 Toyota Tundra, VIN: 5TFUW5F12DX285066;

h) One (1) 2011 Chevrolet Cruze, VIN: 1G1PC5SH2B7224511; and

i) One (1) 2013 War Eagle Boat, Registration No. 9555BU, Hull ID No. MTW29482D313

4

3. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

4. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Rule 32.2(c)(1).

5. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the

nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. §§ 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

The Clerk of the Court shall forward four certified copies of this order to the U.S. Attorney's Office for the Southern District of Mississippi, 501 E. Court St., Suite 4.430, Jackson, Mississippi 39201.

SO ORDERED AND ADJUDGED this 1st day of September 2016.

UNITED STATES DISTRICT JUDGE

AGREED:

_____
DAVID H. FULCHER
Assistant United States Attorney

_____
ANDRE KIRLAND
Defendant

_____
ROY PERCY
Attorney for Defendant

7