♦AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
         Sheet 1

# UNITED STATES DISTRICT COURT
               NORTHERN           District of           MISSISSIPPI

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Andre Kirkland | Case Number: 4:15CR00130-001 |
| | USM Number: 10284-042 |
| | Leroy Davis Percy |
| | Defendant's Attorney |

**Date of Original Judgment:** September 1, 2016
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s)   One of the Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1347 and 1349 | Conspiracy to Commit Health Care Fraud | 02/28/14 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  Two through Nine of the Indictment  ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 1, 2016
Date of Imposition of Judgment

/s/ Michael P. Mills
Signature of Judge

Michael P. Mills, U.S. District Judge
Name and Title of Judge

14 Sep 2016
Date

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 4 — Probation                                                                  (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   2   of   6  

DEFENDANT:     Andre Kirkland
CASE NUMBER:   4:15CR00130-001

## PROBATION

The defendant is hereby sentenced to probation for a term of:

    48 months on Count One of the Indictment.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant shall comply with the standard conditions that have been adopted by this court as well as with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 4C — Probation

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 6

DEFENDANT: Andre Kirkland
CASE NUMBER: 4:15CR00130-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

2. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030e(1)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

5. The defendant shall participate in the Location Monitoring Program and shall comply with the conditions of home detention, which will be monitored by a location monitoring system, for a period of 48 months. The defendant shall wear a location monitoring device and follow the monitoring procedures specified by the probation officer.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties                                                                                     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  4  of  6

**DEFENDANT:**        Andre Kirkland
**CASE NUMBER:**    4:15CR00130-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 5,467,014.93 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Medicare (CMS)<br>Division of Accounting<br>Operations<br>P.O. Box 7520<br>Baltimore, MD 21207-0520 | $5,400,843.50 | $5,400,843.50 | |
| Division of Medicaid<br>Office of the Governor<br>550 High Street, Suite 1000<br>Jackson, MS 39201 | $66,171.43 | $66,171.43 | |
| **TOTALS** | $ 5,467,014.93 | $ 5,467,014.93 | |

☐   Restitution amount ordered pursuant to plea agreement $ _____

X   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ☐   the interest requirement is waived for    ☐ fine    ☐ restitution.

     ☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: Andre Kirkland
CASE NUMBER: 4:15CR00130-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   X   Lump sum payment of $ __$5,467,114.93__ due immediately, balance due

     ☐ not later than _____ , or
     X in accordance with ☐ C, ☐ D, ☐ E, or X F below; or

B   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

* Installment payments made during any period of supervision shall commence 60 days after commencement of the supervision period and shall be paid as determined by application of the criminal monetary payment schedule adopted by this Court to the defendant's verified disposable income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

     Restitution is ordered joint and several between the defendant and any other defendants sentenced in any cases related to this case.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

     See Page 6

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __6__ of __6__

**DEFENDANT:** Andre Kirkland
**CASE NUMBER:** 4:15CR00130-001

# ADDITIONAL FORFEITED PROPERTY

a) Real property located in Gunnison, Mississippi, more particularly described as:

Part of Lot 22 in Section 6, Township 24 North, Range 7 West, Bolivar County, Mississippi: Commencing at the Southwest corner of Lot 21 in said Section 6 and thence run due North along the West line of said Section 6 for 553.33 feet to a point on the Northern right of way line of a gravel road; thence the following nineteen (19) calls of bearings and distances along the Northern right of way line of said gravel road: North 75° 01' 23" East for 134.15 feet, North 80° 53' 41" East for 128.15 feet, North 76° 27' 02" East for 146.73 feet, North 70° 47' 42" East for 83.55 feet, North 72° 51' 10" East for 102.70 feet, North 72° 56' 19" East for 132.06 feet, North 68° 19' 59" East for 93.61 feet, North 56° 14' 25" East for 134.19 feet, North 63° 47' 11" East for 99.10 feet, North 58° 50' 11 " East for 109.03 feet, North 68° 10' 13" East for 116.60 feet, North 71° 45 ' 52" East for 104.76 feet, North 76° 03' 01 " East for 101.50 feet, North 84° 55 ' 17" East for 34.61 feet, North 80° 57' 27" East for 108.53 feet, North 80° 19' 42" East for 125.26 feet, North 69° 37' 20" East for 125.93 feet, North 56° 14' 55" East for 100.63 feet, North 49° 20' 24" East for 79.00 feet to the Southwest corner and the POINT OF BEGINNING of the tract herein being described as Lot BB-6, thence continue along the Northern right of way line of said gravel road, North 44° 45 ' 43" East for 118.31 feet; thence leaving said gravel road and running North 48° 28 ' 44" West for 223.36 feet to the high bank of the Old River Lake; thence run South 36° 23 ' 30" West along the high bank of said Old River Lake for 90.78 feet; thence leaving high bank of said Old River Lake and running South 40° 54' 32" East for 210.39 feet to the POINT OF BEGINNING and containing 22,606.49 square feet of land more or less. Parcel ID: 15-06-900-00-00312;

b) All funds on deposit in Covenant Bank checking account number x9922;

c) All funds on deposit in Raymond James Financial Services, Inc. individual investment account number 25509921;

d) All funds on deposit in Raymond James Simple IRA Contribution account numbered 37979472;

e) All remaining payments for the loan financed by the defendant for the sale of Revelation Hospice to Grace Hospice;

f) One (1) 2012 Mercedes E350, VIN: WDDHF5KB9CA636126;

g) One (1) 2013 Toyota Tundra, VIN: 5TFUW5F12DX285066;

h) One (1) 2011 Chevrolet Cruze, VIN: 1G1PC5SH2B7224511; and

i) One (1) 2013 War Eagle Boat, Registration No. 9555BU, Hull ID No. MTW29482D313