```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF MISSISSIPPI

 3
   UNITED STATES OF AMERICA,       )
 4                                 )
           Plaintiff,              )    CASE NO. 4:15CR130
 5                                 )
              VS.                  )
 6                                 )
   ANDRE KIRKLAND,                 )
 7                                 )
           Defendant.              )
 8  _____

 9

10        SENTENCING AS TO COUNT 1 OF THE INDICTMENT
            BEFORE DISTRICT JUDGE MICHAEL P. MILLS
11         THURSDAY, SEPTEMBER 1, 2016; 9:35 A.M.
                    OXFORD, MISSISSIPPI
12
   FOR THE GOVERNMENT:
13
       United States Attorney's Office
14     DAVID H. FULCHER, ESQ.
       501 East Court Street, Suite 4.430
15     Jackson, Mississippi  39201

16
   FOR THE DEFENDANT:
17
       Percy Law Firm
18     LEROY D. PERCY, ESQ.
       501 Heritage Drive, Suite 127
19     Post Office Box 2549
       Oxford, Mississippi  38655
20

21
       Proceedings recorded by mechanical stenography, transcript
22 produced by computer.

23 _____
            RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
24             FEDERAL OFFICIAL COURT REPORTER
             911 JACKSON AVENUE EAST, SUITE 369
25                OXFORD, MISSISSIPPI 38655
```

1        (CALL TO ORDER OF THE COURT)

2        THE COURT:  Mrs. Pennebaker-Wilkerson, would you call

3 the docket, please.

4        THE COURTROOM DEPUTY:  Court calls Cause No.

5 4:15CR130, United States of America v. Andre Kirkland.  This is

6 a sentencing as to Count 1 of the indictment.

7        THE COURT:  All right.  Who speaks for the

8 Government?

9        MR. FULCHER:  Your Honor, Dave Fulcher for the United

10 States.

11        THE COURT:  All right.

12    And for the defense?

13        MR. PERCY:  Roy Percy, Your Honor.

14        THE COURT:  And do you have your client with you?

15        MR. PERCY:  Yes, Your Honor.

16        THE COURT:  And do we have anyone from probation?

17        MR. TOLLISON:  Greg Tollison, Your Honor.

18        THE COURT:  Glad to have you.

19        MS. HATTER:  Kimberlee Hatter, Your Honor.

20        THE COURT:  Glad to have you.

21    All right.  This is the sentencing of Mr. Andre Kirkland.

22 And, Mr. Percy, have you had an opportunity to review the

23 Presentence Report with your client?

24        MR. PERCY:  Yes, Your Honor.

25        THE COURT:  And do you have any unresolved

1  objections?

2           MR. PERCY:  No objections, Your Honor.

3           THE COURT:  Are you -- do you have any objections?

4           MR. FULCHER:  No, sir.

5           THE COURT:  Are you gentlemen ready to proceed?

6           MR. PERCY:  We are, Your Honor.

7           THE COURT:  If you would come forward, please.

8       (PARTIES COMPLYING)

9           THE COURT:  All right, Mr. Kirkland, on a previous

10 day, you pled guilty to Count 1 of the indictment, which

11 charged you with conspiracy to commit healthcare fraud.  You

12 are now before the Court for sentencing.  And, before you're

13 sentenced, is there anything you would like to say?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.  You may.

16          THE DEFENDANT:  I have asked God to forgive me for my

17 wrongdoings, and I'm asking you to have mercy in your judgment.

18 Thank you.

19          THE COURT:  Uh-huh.

20      Mr. Percy, did you have anything to say?

21          MR. PERCY:  Yes, Your Honor.  As you -- as you know,

22 we are asking -- in lieu of a term of imprisonment, we are

23 asking for a sentence of probation with a condition of home

24 detention.  The -- Mr. Kirkland's health condition alone, I

25 think, is sufficient reason to do that.

1       In addition to his colostomy, which requires daily

2  cleaning -- actually, multiple times a day cleaning.  And,

3  additional, his need for chemotherapy treatment for probably

4  the rest of his life.  I can't imagine the burden he would be

5  on the staff and resources of the Bureau of Prisons.  And we

6  think a sentence of home detention would serve the purposes

7  just as efficiently as a prison sentence.

8       Additionally, the other statutory sentencing factors, his

9  limited criminal history, his cooperation with the

10 investigation of others in this case.  The prosecutor is going

11 to present you, today, with an agreed order of forfeiture.

12      Mr. Kirkland has agreed to forfeit a number of assets,

13 some real property, retirement account, bank accounts,

14 vehicles.  Almost everything he has other than his -- other

15 than his house.

16      They're not particularly -- they're very valuable -- he's

17 not a wealthy man, but he's agreeing to forfeit those things.

18 We think that goes towards his acceptance of responsibility in

19 this case.  I would call to the Court's attention that we have

20 already paid the $100 special assessment prior to today.

21      And finally, Your Honor, just the general history and

22 characteristics of Mr. Kirkland, as evidenced by the reference

23 letters that I'm sure you've read from family, friends,

24 colleagues.  They depict a lifelong devoted husband and father,

25 friend, colleague, and someone who was truly committed to his

1  profession, this case notwithstanding.

2       And we think all of those -- all of those factors, health
3  conditions, acceptance of responsibility, cooperation, and his
4  character.  And we're humbly asking for a sentence of probation
5  that include as a condition of home detention that would allow
6  him to continue to be treated -- get his chemotherapy
7  treatments, which, again, we're advised are -- will be
8  indefinite.

9       As a final request, there's going to be significant
10 restitution ordered in this case.  There were a number of
11 coconspirators in this case who are not defendants in this very
12 case.  So what we would ask -- and I don't -- I think the
13 United States would have an objection with this, is that any
14 restitution that Your Honor orders Mr. Kirkland to pay that he
15 be jointly and severally liable with any other coconspirators
16 who may be determined at some point to restitution for this
17 same -- for this same criminal conspiracy.

18      And that would, of course, include the estate of Ellis
19 Pittman.  I don't know whether the U.S. Attorney's Office will
20 seek recovery of moneys from that estate.  But, if they do, I
21 think that should be joint and several with Mr. Kirkland.  Same
22 thing with the estate of Dr. Walter Gough and Mae Gough.

23      But, of course, obviously, our primary concern here is to
24 let Mr. Kirkland continue to receive his chemotherapy
25 treatments outside of prison.  Thank you, Your Honor.

1      THE COURT: All right. Does the Government have
2 anything to say?
3      MR. FULCHER: Yes, sir, briefly. Your Honor, we
4 submit that the appropriate sentence in this case would be a
5 guideline sentence within -- or consistent with our
6 recommendation in the plea supplement because of the nature and
7 circumstances of this case.
8      And any human being hearing Mr. Kirkland's situation, of
9 course, has an actual sympathy. However, this is a case
10 involving over $5 million in losses to the Government. This is
11 a case where we would submit Revelation Hospice was set up not
12 to provide patient care but to defraud the Government.
13      During two of the reviews of cases submitted by
14 Revelation, as set forth in the Presentence Report in
15 Paragraphs 57 and 58, a review revealed that the appropriate
16 medical review that was conducted showed that there would have
17 been a 100 percent denial of claims submitted to Medicare and a
18 100 percent denial of claims submitted to Medicaid.
19      As I know the Court is aware, under the sentencing factors
20 of 3553(a), the Court needs to take into account the nature and
21 circumstances of the offense and, also, the need for the
22 sentence imposed to reflect the seriousness of the offense and,
23 also, to afford adequate deterrence.
24      So we would submit that, based on the nature of this case
25 and the conduct, that the appropriate sentence would be a

 1  guideline sentence consistent with our recommendation as set

 2  forth in the plea supplement.

 3              THE COURT:  All right.  Thank you.  Why had I thought

 4  that, previously, the Government had agreed to probation?  Did

 5  you not agree to that, Mr. Fulcher?

 6              MR. FULCHER:  Your Honor, there was a previous plea

 7  agreement that had been negotiated by another AUSA.

 8              THE COURT:  Okay.

 9              MR. FULCHER:  And, when we came before the Court, the

10  Court rejected that plea with regard to Mr. Kirkland.

11              THE COURT:  Well, I have reviewed the record; and,

12  frankly, the facts of this case are an absolute outrage.  And

13  Mr. Percy, you mentioned Mr. Pittman.  I don't know why the

14  Government wouldn't go after his share of the debt.

15       I was thinking it was -- I saw -- I was thinking it was

16  like -- I see where he's assessed with about 5 million.  But I

17  thought the total fraud was more -- was in excess of that.  Is

18  that correct?  It was more like 60 million, wasn't it?

19              MR. FULCHER:  Your Honor, I'm not sure of the exact

20  figure.  The -- as the Presentence Report in Paragraph 58

21  reflects, Medicare alone was billed $10 million.

22              THE COURT:  Ten million.

23              MR. FULCHER:  Yes, sir.

24              THE COURT:  Okay.

25              MR. FULCHER:  Revelation received 7.2 million.  The

1  agreed upon amount for purposes of restitution, I believe, is
2  5.4 and some change.
3              THE COURT:  Okay.  Well, I'll accept that amount if
4  that's what's agreed to.  Here's -- the first thing out there,
5  as I understand the facts, Mr. Kirkland had been working for
6  someone else; and then moved over and helped Mr. Pittman start
7  this other outfit.  Is it Revelation?  Is that the name of it?
8              MR. FULCHER:  Yes, sir.
9              THE COURT:  And, no doubt, because he could make more
10 money.  But, now, the first group he was with, have we not had
11 some criminal activity with that one too?  Was it Genesis or
12 what was the name of that group?  What was that group --
13             MR. PERCY:  He was formerly with Genesis, Your Honor.
14             THE COURT:  Genesis.  And he went to Revelation.  So
15 he was there from the beginning to the end, wasn't he, with
16 this fraud?
17             MR. PERCY:  I'm not sure what prosecutions have been
18 underway with respect to Genesis.
19             THE COURT:  Has anything been done with Genesis?
20             MR. FULCHER:  I'm not sure, Your Honor, in all
21 honesty.
22             THE COURT:  Okay.  And, of course, Mr. Pittman is not
23 here to defend himself.  But, looking at Paragraph 87, when
24 Revelation received -- somebody put a cap on how much they
25 could do, apparently.  They were signing up people who did not

1  even need hospice services, going out and actively recruiting
2  people to drain Government funds that should have been spent on
3  the people with need.
4  But they put a cap on there, and Revelation started a
5  policy of discharging patients after six months to avoid the
6  cap.  They discharged people who truly were terminally ill; it
7  didn't matter.
8  So, even the people who may have needed the services,
9  assuming that anybody you recruited did -- that's a cold --
10 that's heartless, to turn people out who were truly dying to
11 retain other people that you could make money on.  I believe
12 that's as bad as it gets in government fraud.  Frequently
13 signed up husbands and wives without the other spouse knowing
14 and put them in hospice.
15 So -- now, Mr. Kirkland, you made over a million dollars
16 off that fraud.  I will adopt the Presentence Investigation
17 Report without change.  I find that no count of conviction
18 carries a mandatory minimum sentence.  Under the statute, you
19 could receive up to 10 years, a $250,000 fine; 0 to 3 years
20 supervised release; and a $100 special assessment.
21 Under the guidelines, you have a total offense level of
22 26, a criminal history category of Roman Numeral I.  The
23 guideline range provides for a sentence of 63 to 78 months and
24 a supervised release range of 1 to 3 years with a fine of
25 $12,500 up to $125,000.  The fine will be waived because of

1  your inability to pay.

2      I've also looked at your history, and you were arrested
3  and received 12 months and 1 day in 1995 for aiding and
4  abetting in drug trafficking. And -- cohorts with a fellow
5  named Kenny Kirkland, who I presume was a relative, selling
6  cocaine. And another one, Carl Kirkland.

7      That's the only criminal history I see. And then you did
8  get a degree as a registered nurse and provided services and,
9  as far as I know, did a good job as a nurse. Since all this
10 began, you've developed metastatic colorectal cancer and lung
11 cancer, I think. So that's about all you've got going for you
12 to avoid a lengthy prison sentence.

13     The other thing is that the other defendants have managed
14 to avoid prosecution by dying. One of them is Mr. Pittman,
15 who -- I'm very disappointed that a member of the legal
16 profession I think had a lot to do with this whole scheme, if,
17 in fact, wasn't running it.

18     And I don't think you played as major a role as he did in
19 it, nor as the doctor did who has since died. So here you
20 stand. And I think some consideration should be given the fact
21 that you weren't, necessarily, most important player in the
22 scheme.

23     I think you had a very important role, but I don't think
24 you could have pulled it off without Mr. Pittman and the
25 doctor. And that's very disappointing, the roles they played.

1  But the sentence you're going to receive is going to be below
2  the guideline range based on the history and characteristics of
3  this defendant.
4       The total amount of restitution is $5,467,014.93.  In
5  imposing the sentence, I've considered the advisory guideline
6  range, the statutory penalties, and the sentencing factors
7  enumerated in 18 U.S.C. Section 3553(a).
8       And, based on your physical condition, I think a variance
9  is in order.  I'm going to give him home confinement.  So just
10 because of your medical condition.  Pursuant to the Sentencing
11 Reform Act of 1984, it is the judgment of the Court that the
12 defendant, Andre Kirkland, is hereby committed to the custody
13 of the Bureau of Prisons to be served in a term of 48 months of
14 home confinement.
15      During that period of time, he can go to church; and he
16 can go to his doctor and any medical treatment he needs.  Upon
17 release of his period of home confinement, he shall be placed
18 on supervised release for a term of 3 years.
19      He shall comply with the following mandatory conditions:
20 I'm going to suspend the mandatory drug-testing condition
21 because he presents a low risk.  He shall not possess a
22 firearm, ammunition, destructive device, or any other dangerous
23 weapon.  He shall cooperate in the collection of DNA as
24 directed.
25      He shall comply with the standard conditions that have

1 been adopted by this Court.  He shall participate in a mental
2 health treatment program as directed by the probation officer.
3 He shall not incur new credit charges or open additional lines
4 of credit without approval.
5      He shall provide the probation officer with access to any
6 requested financial information.  He shall submit his person,
7 property, house, residence, vehicle, papers, computers, or
8 telephone or smartphone or other electronic communications or
9 data storage devices or media or office to a search conducted
10 by the U.S. Probation Officer.  Failure to submit to a search
11 may be grounds for revocation.  He shall warn any other
12 occupants that the premises may be subject to searches pursuant
13 to this condition.
14      Restitution in the amount of $5,467,014.93 shall be made
15 directly to the U.S. District Court Clerk's Office, Northern
16 District of Mississippi, for disbursement to the victims,
17 Medicare $5,400,843.50; Division of Medicaid Office of the
18 Governor, $66,171.43.
19      I will order that this amount be joint and severally owed
20 by the other defendants in this case.  Payments to begin
21 immediately in equal monthly installments.  Any balance
22 remaining upon release shall be paid in equal monthly
23 installments as determined by application of the criminal
24 monetary payment schedule adopt by this Court.  No fine is
25 being ordered due to his inability to pay.

1   However, he shall pay a special assessment of $100, which
2 is due immediately.  Pursuant to the written plea agreement in
3 this case, the defendant has waived the right to appeal the
4 conviction on any ground whatsoever or contest the conviction
5 in any postconviction proceedings, including, but not limited
6 to, a motion brought under 28 U.S.C. Section 2255 and including
7 any right to seek attorney fees or costs under the Hyde
8 Amendment.
9   He does reserve the right to raise ineffective assistance
10 of counsel or prosecutorial misconduct.  He also acknowledges
11 that the Government's position in the instant prosecution was
12 not vexatious, frivolous, or in bad faith.
13   All rights, whether asserted directly or by a
14 representative, to request or receive from any department or
15 agency of the United States any records pertaining to the
16 investigation or prosecution of this case, including, without
17 limitation, any records that may be sought by the defendant or
18 by the defendant's representative under the Freedom of
19 Information Act.
20   Do you understand the sentence I've just stated?
21        THE DEFENDANT:  Yes, sir.
22        THE COURT:  Is there anything further to take up in
23 this matter?
24        MR. FULCHER:  Your Honor, I have two brief matters.
25 The first is I do have an agreed preliminary order of

1  forfeiture to present to the Court.  It has been agreed to

2  through Mr. Kirkland and his attorney.

3          THE COURT:  Okay.  All right.  Madam Clerk -- you

4  have another one?

5          MR. FULCHER:  Yes, sir, I do.  Consistent with the

6  plea agreement with the Government in this case, we now move to

7  dismiss the remaining counts against Mr. Kirkland.  It's our

8  ordinary practice to do so without prejudice, and we would make

9  that motion at this time.

10         THE COURT:  You have any objection?

11         MR. PERCY:  No, Your Honor.

12         THE COURT:  All right.  Well, that'll be granted.

13  Anything else?

14         MR. PERCY:  No, Your Honor.

15         MR. TOLLISON:  May I approach, Your Honor?

16         THE COURT:  Yes.

17     (Off-the-record discussion)

18         THE COURT:  All right.  Mr. Tollison was not

19  satisfied with the sentence, and you wanted it to be -- well,

20  you can't do -- you didn't want the home detention and the

21  supervision.  Is that correct?

22         MR. TOLLISON:  Yes, Your Honor.  We're unable to

23  substitute the home detention for custody, so it's my

24  recommendation that it be 5 years' probation to be done as home

25  detention with electronic monitoring.

1        THE COURT:  Well, I'm going to stay with the 4 years.
2   I'm going to do 4 years' home detention.
3        MR. TOLLISON:  Thank you, Your Honor.
4        THE COURT:  Probation.  And electronic monitoring.
5   So he may want to meet with the probation officer shortly
6   because that'll start pretty quick, and there will be no
7   supervision after that 4 years.  It'll be 4 years.  All right.
8   Anything else?
9        MR. PERCY:  No, Your Honor.
10       MR. FULCHER:  No, Your Honor.
11       THE COURT:  You need to meet with him?
12       MR. TOLLISON:  Briefly, Your Honor.  Thank you.
13       THE COURT:  All right.  If you'll meet with this
14  gentleman over here.  Court will be in recess.
15       MR. FULCHER:  Thank you, Your Honor.
16       MR. PERCY:  Thank you, Your Honor.
17            (THE HEARING ENDED AT 10:02 a.m.)
18
19
20
21
22
23
24
25

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, Rita Davis Young, Federal Official Realtime

 5  Court Reporter, in and for the United States District Court for

 6  the Northern District of Mississippi, do hereby certify that

 7  pursuant to Section 753, Title 28, United States Code that the

 8  foregoing is a true and correct transcript of the

 9  stenographically reported proceedings held in the

10  above-entitled matter; and that the transcript page format is

11  in conformance with the regulations of the Judicial Conference

12  of the United States.

13

14

15                    Dated this 24th day of January, 2017.

16

17

18

19                    /s/ Rita Davis Young
                      RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20                    Federal Official Court Reporter

21

22

23

24

25
```